UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No: 1:25-cr-31 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| GARY ALLEN SHROPSHIRE ) | |

**M E M O R A N D U M**

Before the Court is Defendant Gary Allen Shropshire's motion to sever pursuant to Fed. R. Crim. P. 14. (Doc. 118.) The United States responded (Doc. 148), and Defendant replied (Doc. 153). Defendant seeks to sever his trial from that of his co-defendants, arguing that trying them together would be prejudicial, preventing him from receiving a fair trial. For the following reasons, the Court will **DENY** Defendant's motion to sever (Doc. 118).

I. **BACKGROUND**

On February 25, 2025, a grand jury returned an indictment against six individuals, who allegedly "did combine, conspire, confederate and agree to knowingly, intentionally, and without authority distribute 400 grams or more of a mixture and substance containing a detectable amount of [fentanyl] and 50 grams or more of methamphetamine" (Count I). (Doc. 3 at 1–2.) Defendant Shropshire was also charged with "knowingly, intentionally, and without authority distribut[ing] 5 grams or more of methamphetamine" (Count VII) and "knowingly, intentionally, and without authority possess with the intent to distribute a mixture and substance containing a detectable amount of [fentanyl]" (Count VIII). (*Id.* at 4.) Defendant Shropshire is not named in the remaining six counts. (Doc. 3.)

## II. STANDARD OF REVIEW

Rule 8(b) of the Federal Rules of Criminal Procedure allows joinder of defendants in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). This is true "especially in conspiracy cases." *United States v. Pickett*, 746 F.2d 1129, 1134 (6th Cir. 1984) (quoting *United States v. Dempsey*, 733 F.2d 392, 398 (6th Cir. 1984). Once defendants have been properly joined, "[s]eparate trials are mandated only upon a showing of 'specific and compelling prejudice resulting from a joint trial which can be rectified only by separate trials.'" *Id*. (quoting *Dempsey*, 733 F.2d at 398. "The defendant has the burden of showing such prejudice." *Id*.

Rule 14 provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may . . . sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). In other words, "Rule 14 authorizes a severance where it appears that a defendant might be prejudiced by a joint trial." *Bruton v. United States*, 391 U.S. 123, 131 (1968). But severance is not required in all situations where prejudice is shown, "rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538–39. The mere belief of a better chance of acquittal is insufficient grounds for severance. *Id*. at 540.

"The test as to a severance of trial under Rule 14 [] is the likelihood of substantial prejudice to one defendant or the defendants if they are tried together." *United States v. Grindstaff*, 479 F. Supp. 599, 601 (E.D. Tenn. 1978) (citing *Schaffer v. United States*, 362 U.S. 511, 514 (1960)). The Supreme Court has interpreted prejudice to be "substantial" in this context only when there is

2

a serious risk that a "joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

"An important element of a fair trial is that a jury considers only relevant and competent evidence bearing on the issue of guilt or innocence." *Bruton*, 391 U.S. at 131 n.6. But "'spillover of evidence' from one case to another 'generally does not require severance,' unless Defendant can point to specific 'substantial,' 'undue,' or 'compelling' prejudice." *United States v. Fields,* 763 F.3d 443, 457 (6th Cir. 2014) (quoting *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002)). "Introduction of evidence inflammatory to one defendant but not directly applicable to a co-defendant fails to establish 'substantial prejudice' as to the co-defendant." *United States v. Frost*, 914 F.2d 756, 764 (6th Cir. 1990) (quoting *United States v. Zalman*, 870 F.2d 1047, 1053 (6th Cir. 1989).

When the potential for prejudice is present, a judge may be strict in the jury charge "not only as to the testimony the jury [is] not to consider, but also as to that evidence . . . available in the consideration of the guilt of each petitioner separately under the respective substantive counts." *Schaffer,* 362 U.S. at 516. It is a well-established "rule that juries are presumed to follow their instructions." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987); *see also Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985) ("The Court presumes that jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them.")

### III.     DISCUSSION

It is undisputed that the initial joinder of defendants under Rule 8(b) in this case was proper. Defendant was charged in the indictment for the same acts and transactions that comprise the conspiracy for which all defendants have been charged. Doc. 3 at 1–2; Fed. R. Crim. P. 8(b).

The issue before the Court is whether a separate trial is necessary to avoid prejudice to Defendant by virtue of trying him alongside his codefendants. If substantial, irremediable, risk of prejudice exists, severance under Rule 14 is proper.

This is not a novel situation. "Rule 8(b) on its face contemplates the situation where some of the evidence might be admissible against one defendant and not against a codefendant at a single trial, for in its concluding clause the rule provides that 'all of the defendants need not be charged in each count.'" *Daley v. United States*, 231 F.2d 123, 125 (1st Cir. 1956) (quoting Fed. R. Crim. P. 8(b)[1]).

Defendant does not allege a concrete threat to any trial right. Examples of such an infringement include admission of evidence that would otherwise be impermissible if he were tried alone, or exculpatory evidence which would be unavailable in the joint context when it would be available if he were tried alone. *See Zafiro*, 506 U.S. at 539. Nor does Defendant claim that joinder infringes upon his right to confront and cross examine a witness.

In *United States v. Frost*, the defendants argued that severance was appropriate because of inflammatory evidence introduced for one defendant that was not directly applicable to a co-defendant. 914 F.2d at 764. The jury received an instruction to consider the evidence for each defendant separately. *Id*. Upon appeal, the Court of Appeals for the Sixth Circuit found that

---

[1] Rule 8 has since been updated to "[a]ll defendants need not be charged in each count." A change in form, but not substance. Fed. R. Crim. P. 8(b).

4

defendants failed "to carry the 'heavy burden' necessary to show that the trial court abused its discretion in denying a severance." *Id*.

In *United States v. Gallo*, the efendant argued severance was necessary because the "mass of highly inflammatory testimony concerning the gruesome and brutal murders [charged against the other defendants] would not have been admitted if [he] were tried alone." 763 F.2d 1504, 1525 (6th Cir. 1985). The *Gallo* court held that inflammatory evidence against one defendant that does not involve another is insufficient alone to prove substantial prejudice warranting severance. *Id*. ("Merely because inflammatory evidence is admitted against one defendant, not directly involving another codefendant (and with which the other is not charged) does not, in and of itself, show substantial prejudice in the latter's trial."); *see also United States v. Zalman*, 870 F.2d 1047, 1053 (6th Cir. 1989) (upholding denial of severance where defendants argued inflammatory testimony against codefendant would prejudice jury against him by association.)

Similarly, here, Defendant's primary argument is that the higher culpability of his codefendants would reflect negatively on him and "improperly give the government's case more weight than it should have." (Doc. 118 at 2.) Defendant raises concerns of the "risks of prejudice from the publicizing of Mr. Shropshire's and the other co-defendants' criminal records, the discussion of the evidence, and [when] the possible criminal conduct of the main targets are considered." (*Id*. at 3.)

Such an argument does not point to the infringement of any legal right. It is no more than saying Defendant would have better chances if tried alone. Courts have repeatedly held that the mere presence of inflammatory evidence or testimony admitted against a codefendant on independent charges does not necessitate severance. Not having raised other justification,

5

Defendant has failed to meet his high burden of showing risk of undue, substantial, or compelling prejudice.

Instructions may be properly framed to address this issue, and the Court can be intentional in its charges to the jury to fittingly address potential prejudice at trial. Severance here is not required to ensure a fair trial. See *Bruton,* 391 U.S. at 131 n.6 (1968) (quoting *Daley v. United States*, 231 F.2d 123, 125 (1st Cir. 1956) ("The rules are designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.")

IV. **CONCLUSION**

The Court finds severance is not necessary and will **DENY** Defendant's motion (Doc 118).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**